

FILED

JAN 30 2023

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>JOSE HUMBERTO AGUILAR GALVAN,<br>    Debtor. | BAP No. CC-22-1106-LCF<br><br>Bk. No. 2:21-bk-14872-BR |
| JOSE HUMBERTO AGUILAR GALVAN,<br>    Appellant,<br>v.<br>PHH MORTGAGE CORPORATION,<br>    Appellee. | **MEMORANDUM**\* |

Appeal from the United States Bankruptcy Court
for the Central District of California
Barry Russell, Bankruptcy Judge, Presiding

Before: LAFFERTY, CORBIT, and FARIS, Bankruptcy Judges.

## INTRODUCTION

Chapter 7[1] debtor Jose Galvan ("Debtor") appeals the bankruptcy
court's order granting in rem relief from stay under § 362(d)(4) to appellee
PHH Mortgage Corporation ("PHH"). Over the dozen or more years before
the order was entered, no payments had been made on the obligation

---

\* This disposition is not appropriate for publication. Although it may be cited for
whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential
value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101–1532, and "Rule" references are to the Federal Rules

1

secured by the subject property. During that time, interests in the property were transferred numerous times, and Debtor's mother, who is on title to the property, filed numerous bankruptcy cases, sometimes on her own and other times jointly with her husband. Most of those cases were dismissed shortly after filing. The property was also the subject of an expired in rem order in one of the bankruptcy cases.

In this case, Debtor obtained an interest in the property postpetition and then filed various motions arguing that there was no debt owing to PHH. He also objected to in rem relief from stay, arguing that there was a pending loan modification. The bankruptcy court rejected his arguments, overruled his objection, and granted in rem relief. We AFFIRM.

## FACTS

This appeal involves a loan secured by real property in Los Angeles, California (the "Property"). The Property is owned, at least in part, by Debtor's parents, Jose Joel Aguilar and Guillermina Aguilar (although, as discussed below, it has been subject to many transfers). The Property is encumbered by a deed of trust, originally in favor of IndyMac Bank, F.S.B. Through a series of assignments, PHH obtained a beneficial interest in the note and deed of trust.[2] Ms. Aguilar is the only borrower named in the promissory note, but both Aguilars are grantors under the deed of trust.

---

of Bankruptcy Procedure.

[2] According to documents in the record, the deed of trust was assigned to OneWest Bank in 2009, to Ocwen Loan Servicing LLC ("Ocwen") in 2013, and to PHH in 2019.

The deed of trust provides that the collateral may not be transferred without the prior written consent of the beneficiary. The loan has been delinquent since August 2009 and has an outstanding balance of over $900,000, which includes an arrearage of more than $500,000.

Between 2009 and 2021, the Property was the subject of several transfers and bankruptcy cases, as follows:

| Recording or Filing Date | Action |
| --- | --- |
| November 13, 2009 | Quitclaim deed gifting Property from Guillermina Aguilar to David Zepeda, Trustee of the David Rose, Chris Rose, Sam Kirby, Ivy Kirby, Jack Cadman, Lydia Cadman, Albert Guston, France Guston Trust |
| July 30, 2010 | Quitclaim deed gifting Property from David Zepeda as Trustee of the Rose et al. Trust to David Zepeda as Trustee of the Robert Mann, Janis Mann, Fran Gilbert, France Guston, Evan Patch, Juan Galvon, Patty Galvon, Kay Patch, Tom Meyer, Linda Meyer, Tom Chase, Mitchell Chase, Peter Moore, Sandra Moore Trust |
| March 7, 2011 | Quitclaim deed gifting Property from Joel T. Aguilar to Joel T. Aguilar and Zoila Aguilar |
| March 8, 2011 | Guillermina Aguilar's first bankruptcy filing (chapter 13) (1:11-bk-12880-MT); dismissed April 22, 2011 for failure to file documents |
| December 7, 2011 | Grant deed gifting Property from Guillermina Aguilar to herself and Isabel Raya Ramirez |
| June 21, 2012 | Grant deed gifting Property from Guillermina Aguilar to Kelvin Griffin and Guillermina Aguilar as joint tenants |
| January 24, 2013 | Guillermina Aguilar's second bankruptcy filing (chapter 7) (2:13-bk-11933-ER); dismissed February 13, 2013 for failure to file documents |
| February 19, 2013 | Guillermina Aguilar's third bankruptcy filing (chapter 7) (2:13-bk-14222-RN); dismissed March 14, 2013 for failure to file certificate of credit counseling |
| March 22, 2013 | Guillermina Aguilar's fourth bankruptcy filing (chapter 7) (2:13-bk-17436-SB); case closed without discharge July 17, 2013 |

| May 22, 2013 | Guillermina Aguilar's fifth bankruptcy filing (chapter 13) (2:13-bk-23380-WB) jointly filed with spouse Jose Joel Aguilar; dismissed July 24, 2013 |
|---|---|
| July 18, 2013 | Guillermina Aguilar's sixth bankruptcy filing (chapter 7) (2:13-bk-28245-BR); discharge entered February 27, 2018 and case closed. In this case, PHH's predecessor obtained an order granting in rem relief from stay, which was upheld on appeal.<br><br>Ms. Aguilar filed an adversary proceeding against PHH's predecessor, which was dismissed; dismissal was upheld on appeal. |
| August 28, 2013 | Guillermina Aguilar's seventh bankruptcy filing (chapter 13) (2:13-bk-31634-NB) jointly filed with spouse Jose Joel Aguilar; dismissed September 23, 2013 with 180-day bar |
| January 7, 2019 | Guillermina Aguilar's eighth bankruptcy filing (chapter 13) (2:19-bk-10116-NB) jointly filed with spouse Jose Joel Aguilar; dismissed April 22, 2019. Dismissal was upheld on appeal.<br><br>Ms. Aguilar filed another adversary proceeding against PHH's predecessor, which was dismissed; dismissal was upheld on appeal. |
| June 14, 2021 | Jose Galvan's bankruptcy filing (the instant case) |
| December 16, 2021 | Grant deed from Jose and Guillermina Aguilar to Debtor |

## B. Bankruptcy Events

Debtor filed the instant chapter 7 case in June 2021. Despite having no recorded interest in the Property on the petition date, he listed it on Schedule A, describing it as "disputed title" held as a "joint tenancy in common." Debtor also listed the debt to PHH on Schedule D even though he is not a borrower on the loan.

The chapter 7 trustee filed Report of No Distribution, and the case was discharged in October 2021. In the meantime, Debtor filed a motion to

avoid PHH's lien on the Property under § 522(f), which the bankruptcy court denied because a consensual lien is not avoidable under that section. Debtor then filed an objection to PHH's claim. The bankruptcy court overruled the objection because PHH had not filed a proof of claim, finding that the objection was "an improper attempt to avoid PHH's Deed of Trust through a contested bankruptcy matter." The bankruptcy court also denied Debtor's motion for reconsideration. Debtor appealed those rulings to this Panel, which recently affirmed.

In the meantime, PHH filed a motion for in rem relief from the automatic stay under § 362(d)(4), asserting that it was entitled to the requested relief because the bankruptcy case was filed as part of a bad faith scheme to hinder, delay, or defraud PHH and because monthly payments were not being made and there is no equity cushion. The accompanying declaration stated that PHH had physical possession of the promissory note and attached copies of the promissory note, deed of trust, and recorded assignments.

Debtor filed an opposition in which he asserted that there was no debt owed to PHH, noting that PHH had not filed a proof of claim, and alleging that the original debt had been paid off by private mortgage insurance. He also alleged that PHH's predecessor lacked authority to transfer the loan to PHH. At the same time, he claimed that a loan modification was currently under review with PHH.

5

After a hearing, the bankruptcy court granted PHH's motion. The court rejected Debtor's request for a continuance to permit the loan modification process to go forward, noting that because Debtor was not the borrower on the loan, there could be no modification as to him. The bankruptcy court concluded: "This is probably one of the worst bad faith cases I have seen in a very long time. The . . . multiple appeals and . . . filings . . . in my court[] were all frivolous, that is, motions filed by you, Mr. Galvan. . . . " Debtor timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(G). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court abuse its discretion in granting PHH's motion for in rem relief from stay?

## STANDARD OF REVIEW

We review the bankruptcy court's grant of a motion for relief from stay for abuse of discretion. *First Yorkshire Holdings, Inc. v. Pacifica L 22, LLC (In re First Yorkshire Holdings, Inc.)*, 470 B.R. 864, 868 (9th Cir. BAP 2012). A bankruptcy court abuses its discretion if it applies an incorrect legal standard or its factual findings are illogical, implausible, or without support in the record. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

6

# DISCUSSION

Section 362(d)(4) provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> . . .
>
> > (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either--
> >
> > > (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
> > >
> > > (B) multiple bankruptcy filings affecting such real property.

The statute also provides that if an order granting relief under this section is recorded in compliance with state law, it shall be binding in any subsequent bankruptcy case for two years.

To obtain relief under this statute, the creditor must establish three elements:

> First, debtor's bankruptcy filing must have been part of a scheme. Second, the object of the scheme must be to delay, hinder, or defraud creditors. Third, the scheme must involve either (a) the transfer of some interest in the real property

7

without the secured creditor's consent or court approval, or
(b) multiple bankruptcy filings affecting the property.

*In re First Yorkshire Holdings, Inc.*, 470 B.R. at 870.

In this case, the bankruptcy court's order granting in rem relief from stay contains the requisite findings, and those findings are supported by the record. As can be seen by the chart, the Aguilars attempted numerous times to transfer interests in the Property to other parties without the consent of the secured creditor and, along with Debtor, filed nine bankruptcy cases to avoid foreclosure, all the while failing to make payments on the loan secured by the Property.

Debtor's arguments on appeal do not directly address whether in rem relief was appropriate. Instead, he continues to assert that the loan was paid off by private mortgage insurance and that the assignment of the deeds of trust from Ocwen to PHH was not valid. He again points out that PHH did not file a proof of claim in his bankruptcy case. Nevertheless, he argues that PHH misrepresented the accuracy of its accounting in violation of Rule 3001(f). To the extent those arguments need to be addressed, Debtor provided no admissible evidence that the loan had been paid off. Further, the attachments to PHH's motion established that PHH had a colorable claim to the Property, which is all that is required to establish that it is a party in interest entitled to obtain relief from the automatic stay. *See Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal)*, 450 B.R. 897, 917-18 (9th Cir BAP 2011). Finally, the fact that PHH did not file a proof of claim in

8

Debtor's bankruptcy case had no impact on whether it was entitled to in rem relief from the automatic stay.

## CONCLUSION

The bankruptcy court did not abuse its discretion in granting in rem stay relief. We therefore AFFIRM.